UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-24646-RAR

HAROLD JEAN-BASPTISE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion to File Petition, filed on November 26, 2024. (ECF No. 3). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for a report and recommendation. Having considered the Motion and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

This Court has held that Plaintiff is a vexatious litigant and therefore has enjoined him from filing any new *pro se* document in the Southern District of Florida against the United States, its agencies, or its agencies' employees alleging that the government conspired to monitor, surveil, or harm Plaintiff, physically or otherwise, without first obtaining the prior written approval of the Magistrate Judge. *Jean-Baptiste v. United States Dep't of Justice*, No. 23-CV-22531, 2023 WL 9013864, at *6 (S.D. Fla. Nov. 30, 2023).

Plaintiff, representing himself *pro se*, asserts violations of 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and the Fourth Amendment. (ECF No. 7 at 2). In broad strokes, Plaintiff alleges

1

that for years, the United States Department of Justice and Federal Bureau of Investigations—which he refers to as a white supremacy group—have been conspiring to and in fact attempted to murder him numerous times. He says he has suffered continuous harassment by the FBI since 2021, which it has accomplished by using "National Security Letters" to shield their violation of federal laws. (*Id.*).

As far as the undersigned can determine, Plaintiff specifically alleges that he traveled to Miami, Florida to test whether an FBI Special Agent "would make another attempt on [his] life." (*Id.* at 4). Plaintiff allegedly purchased from Publix Supermarket the same products that he believed the FBI wanted him to purchase to see if they had been laced with toxic substances, as Plaintiff previously alleged in other cases filed in this District. *See Jean-Baptiste v. United States Dep't of Justice*, No. 23-CV-22761, 2023 WL 9285126, at *6 (S.D. Fla. Nov. 27, 2023); *Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-22376, 2023 WL 5206381, at *1 (S.D. Fla. July 21, 2023). While inside Publix, Plaintiff noticed that an FBI surveillance team inside Publix was monitoring Plaintiff's purchase. (ECF No. 7 at 4). Plaintiff says that the "last time this happened the Plaintiff almost died [in] a hospital in Florida." (*Id.*).

Plaintiff filed an amended complaint on December 9, 2024, alleging another similar instance of a conspiracy to poison him. This time, Plaintiff traveled to Miami and purchased food from a restaurant called Poke House. After eating the food, Plaintiff experienced chest pain, increased heart rate, diarrhea, and vomiting. He visited University of Miami Hospital's Emergency Room, where he was treated for high blood pressure. Plaintiff said to hospital staff that he "must be famous in this hospital," to which staff responded, "oh yes." (*Id.* at 6). Plaintiff believes that an FBI Special Agent was present at University of Miami Hospital monitoring his response to the

toxic substances he ingested. Plaintiff asserts that the scheme to poison him is "a modern-day lynching of the Plaintiff." (*Id.* at 7).

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations omitted). "When a plaintiff's claims are 'wholly insubstantial,' 'obviously frivolous,' or 'obviously without merit,' the Court lacks jurisdiction to address them." *Jean-Baptiste v. United States Dep't of Justice*, No. 23-CV-02298, 2023 WL 8600569, at *2 (D.D.C. Dec. 12, 2023) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974)).

Plaintiff's *pro se* Amended Complaint is the most recent iteration of a pattern of frivolous and fantastical claims asserted in Federal Courts around the country. *See Jean-Baptiste*, 2023 WL 8600569, at *3 (collecting cases). Plaintiff has continuously alleged—and this Court has repeatedly dismissed—claims of an FBI conspiracy to lace foods that Plaintiff purchases with a toxic substance for the purpose of killing him. *See, e.g., Jean-Baptiste*, 2023 WL 9285126, at *6. The facts that Plaintiff asserts in these complaints are incredulous. *See Guthrie v. United States Government*, No. 12-CIV-22193, 2014 WL 12600155, at *2 (S.D. Fla. Sept. 2, 2014) ("Plaintiff's claims are frivolous because the facts underlying the claims do not comport with reality and fail to state a cause of action.").

Much of Plaintiff's Amended Complaint consists of personal insults on the unknown FBI Agent who is allegedly attempting to harm him. *See, e.g.*, (ECF No. 7 at 8). Plaintiff construes the

3

hospital staff's acknowledgment that he is well known to them as an admission of an FBI conspiracy and complicity in its scheme. But this is evidence of nothing.

In sum, Plaintiff's allegations are detached from reality, patently without merit, and therefore frivolous. The Amended Complaint fails to make out any coherent claim. Accordingly, the undersigned recommends that Plaintiff's Motion (ECF No. 3) be **DENIED.**

Mr. Jean-Baptiste shall file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 3rd day of January, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

4